IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| James C. Hawkins, | ) | |
|---|---|---|
| | ) | Civil Action No. 2:18-cv-00893-JMC |
| Plaintiff, | ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | |
| | ) | |
| Cpt. James McFadden, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff James Hawkins ("Hawkins"), proceeding *pro se*, filed this action ("Complaint") (ECF No. 1) pursuant to 42 U.S.C. § 1983, alleging that Defendant Cpt. Johnathan McFadden ("McFadden")[1] used excessive force against him in violation of his constitutional rights. (ECF No. 1.) McFadden filed a Motion for Summary Judgment on February 8, 2019. (ECF No. 45.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02, the matter was referred to the United States Magistrate Judge for pre-trial handling. On July 1, 2019, the Magistrate Judge issued a Report and Recommendation ("Report") (ECF No. 78) recommending that the court grant McFadden's Motion for Summary Judgment (ECF No. 45), but only to a certain extent.

This review considers McFadden's Objections to the Report and Recommendation ("Objections") filed on July 15, 2019. (ECF Nos. 81, 82.) For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 78), and **GRANTS IN PART AND DENIES IN PART** McFadden's Motion for Summary Judgment (ECF No. 45). Specifically, the court **GRANTS** McFadden's Motion for Summary Judgment only to the extent that any state law

---

[1] McFadden asserts that Hawkins incorrectly named him in the Complaint as "James McFadden." His actual name is "Johnathan McFadden." (ECF No. 45-6.)

1

claims and any § 1983 claims for deliberate indifference against McFadden are dismissed. In addition, any § 1983 claims brought against McFadden in his *official capacity* are also dismissed. However, the court **DENIES** McFadden's Motion for Summary Judgment as to Hawkins' § 1983 excessive force claim against McFadden in his *individual* capacity.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This court concludes, upon its own careful review of the record, that the Magistrate Judge's factual synopsis is accurate and incorporates it by reference. This court will thus focus on the facts pertinent to the analysis of McFadden's Objections.

On February 27, 2018, Hawkins was attacked by another inmate, inmate Jackson ("Jackson"), without provocation while sitting at a table. (ECF No. 1 at 5; ECF No. 45-4.) In response to the attack, Hawkins began to physically attack Jackson and a brawl ensued between them. (*Id*.) Sergeant Robia Matthews-Benjamin ("Sgt. Matthews-Benjamin") immediately responded to the altercation and "commanded the inmates to stop, but neither responded to [her] commands." (ECF No. 45-5 at 1 ¶ 2.) Sgt. Matthews-Benjamin tased Jackson, pulled Hawkins out of the way, and radioed for back up. (Id. at ¶ 6.) Eventually, McFadden entered the room and intervened. Hawkins alleges that "as [he] was walking away from the scene, and back to [his cell], [McFadden] grabbed [him] from behind snatching [his] uniform while [he] was still in full restraints." (ECF No. 1-2.) Hawkins further alleges that "[McFadden] slammed [him] on the iron table, and started punching [him] in [the] head, face, ribs, back of the neck…and choked [him]." Hawkins seeks damages from McFadden in his *official* and *individual* capacities. (ECF No. 1 at 2; ECF No. 78 at 7.)

On February 8, 2019, McFadden filed a Motion for Summary Judgment (ECF No. 45). Thereafter, the Magistrate Judge sent an Order on February 11, 2019, pursuant to *Roseboro v.*

*Garrison*, 538 F.2d 309 (4th Cir. 1975), advising Hawkins of the importance of such motions and the need for him to file an adequate response. (ECF No. 46.) On March, 18, 2019, Hawkins timely filed his Response in Opposition to McFadden's Motion for Summary Judgment (ECF No. 57). On July 1, 2019, the Magistrate Judge issued a Report, recommending that McFadden's Motion (ECF No. 45), be granted only to the extent that McFadden seeks dismissal of claims against him stemming from his official capacity and to the extent that Hawkins brings any state law claims or a deliberate indifference claim for medical needs. (ECF No. 78 at 16.) Otherwise, the Magistrate Judge recommended that the court deny McFadden's Motion for Summary Judgment. Specifically, the Magistrate Judge recommended that Hawkins' excessive force claims should remain against McFadden in his *individual* capacity. (*Id*. at 17.)

The Magistrate Judge reviewed the footage of the incident and determined that "genuine issues of material fact" exist as to "whether the force used by McFadden was objectively reasonable in this instance because the video does not provide conclusive evidence as to which account is accurate." (ECF No. 78 at 13.)

The Magistrate Judge recommended that McFadden be granted immunity under the Eleventh Amendment because McFadden, acting in his *official* capacity, is not a "person" under 42 U.S.C. § 1983, and "therefore is not subject to suit." (ECF No. 78 at 6.) On the other hand, the Report states that McFadden is not entitled to qualified immunity in his *individual* capacity. (*Id.* at 8.) On July 15, 2019, McFadden filed timely Objections to the Report (ECF Nos. 81, 82). Hawkins did not file objections to the Report.

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. "The Court is not bound by the

recommendation of the magistrate judge but, instead, retains responsibility for the final determination." *Wallace v. Hous. Auth.*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citing *Matthews v. Weber*, 423 U.S. 261, 271 (1976)). Moreover, the court is charged with making a *de novo* determination of those portions of a report and recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, a magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F. 3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F. 2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F. 2d 91 (4th Cir. 1984). If the plaintiff fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

Additionally, *pro se* filed documents should be "liberally construed," and held to a less stringent legal standard than those complaints or proceedings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, even liberally construed, objections to a Report must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b)(2).

4

**III. DISCUSSION**

In the absence of Objections to the Report by Hawkins, the court is not required to provide an explanation for adopting the recommendation in regard to granting McFadden's Motion in the context of the dismissed state law claims, any § 1983 claims for deliberate indifference, and any of the dismissed claims against McFadden in his *official* capacity. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is not clear error on the face of the record in order to accept the recommendation.'" *Diamond*, 416 F. 3d 310 at 315. The court concludes that there was no clear error as to the Magistrate Judge's recommendation to dismiss state causes of actions covered by the South Carolina Tort Claims Act. S.C. Code § 15-78-10 (2019). There was also no clear error regarding the Magistrate Judge's determination that McFadden, in his *official* capacity, is immune from suit under the Eleventh Amendment.

Similarly, in the absence of McFadden's objections to the Report regarding the determination that McFadden is not entitled to qualified immunity, the court "need not conduct a *de novo* review, but instead must 'only satisfy itself that there is not clear error on the face of the record in order to accept the recommendation.'" The Magistrate Judge committed no clear error in her determination that McFadden is not entitled to qualified immunity. Here, the court need only address McFadden's objection to the Report. Specifically, Hawkins' excessive force claim and the issue of reasonableness.

A. <u>Excessive Force Claim</u>

In *Kingsley,* the Supreme Court held that a pretrial detainee asserting an excessive force claim must demonstrate "only that the force purposely or knowingly used against him was objectively unreasonable." 135 S. Ct. at 2473. In determining whether the force was objectively

unreasonable, a court considers the evidence "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id*. (citing *Graham v. Connor,* 490 U.S. 386, 396, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989)). Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: (1) the relationship between the need for the use of force and the amount of force used; (2) the extent of the plaintiff's injury; (3) any effort made by the officer to temper or to limit the amount of force; (4) the severity of the security problem at issue; (5) the threat reasonably perceived by the officer; and (6) whether the plaintiff was actively resisting. *Kingsley*, 135 S. Ct. at 2473. Moreover, it is appropriate to determine whether the force used was objectively reasonable in "full context," as a segmented view of the events "misses the forest for the trees." *Smith v. Ray*, 781 F. 3d 95, 101 (4th Cir. 2015).

Hawkins contends that McFadden applied excessive force on him during the February 27, 2018 altercation. Hawkins further asserts that he was in full restraints and in a docile behavior "walking back to [his] cell" when he "felt someone grabbing him from behind." (ECF No. 1 at 4.) Hawkins alleges that McFadden slammed him on a steel table and then started striking him in the face, chest, abdomen, and ribs…" during a time when he was no longer attempting to fight Jackson. (*Id*.) McFadden objects to the Report as to Hawkins' excessive force claim because, he argues, the force used was reasonable given the circumstances and the "severity of the threat perceived" by McFadden. (ECF Nos. 81, 82 at 3.) McFadden argues that, as a result, any actions taken were in a good faith effort to maintain or restore discipline given the urgent nature of the situation. (*Id*. at 2.)

As set forth in the Report, the Magistrate Judge balanced the *Kingsley* factors and applied them to the facts of this case. The Magistrate Judge viewed the situation "in full context," and

6

considered McFadden's arguments that "[Hawkins] fought with another inmate, refused directives to cease, and revisited and fought with officers" against Hawkins' allegations that he was not resisting. (ECF No. 45-1 at 7.) In support of his objections, McFadden relies on part of the video footage, the incident report, and affidavits of McFadden and Sgt. Matthews-Benjamin. Despite all the evidence, the Report indicates that the Magistrate Judge was unable to determine whether there was sufficient need for application of force. (ECF No. 78 at 12.) Indeed, according to the Report, Hawkins appeared to take steps away from the altercation and away from "Jackson's direction." (*Id.*) Further, the Report states that, "As [Hawkins] was moving [in what appears to be away from the altercation], McFadden, who was running towards [Hawkins] slams him onto a table." (*Id.*) The Report further indicates that McFadden and Hawkins scuffled until other officers arrived and subdued Hawkins. (*Id.*)

The Report makes clear that Hawkins was in handcuffs the entire time and that there is no dispute regarding the general account of events leading up "until just before McFadden entered the scene." (ECF No. 78 at 13.) However, there are disputed facts, which are material in this case, surrounding what happened at the moment McFadden enters. McFadden avers that when he came on the scene, Hawkins was "resisting efforts to return to his cell" and that McFadden gave a directive to which Hawkins "did not respond." (*Id.*) The Magistrate Judge noted that the parties argued two different versions of the facts resulting in McFadden's ultimate alleged use of force and the video footage did not "provide conclusive evidence as to which account is accurate." (*Id.*) Based on the evidence presented, the Magistrate Judge determined that several material factual disputes exist: "(1) whether [Hawkins] was 'docile' and walking towards his cell before McFadden first slammed him against the table; (2) whether [Hawkins] failed to comply with McFadden's

7

directive before force was used (the video footage contained no sound); and (3) whether McFadden was choking [Hawkins] during their struggle." (*Id*.)

After a review of the record, and a review of the Magistrate Judge's Report, which applied the *Kingsley* factors to the facts, the court agrees with the conclusion in the Report that genuine issues of material fact exist as to whether McFadden applied excessive force in a good faith effort to impose order or unreasonably under the circumstances. Thus, McFadden's objection to the Report with respect to Hawkins' excessive force claim is **OVERRULED**.

## IV. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 78). The court hereby **GRANTS IN PART AND DENIES IN PART** McFadden's Motion for Summary Judgment (ECF No. 45). Specifically, the court **GRANTS** McFadden's Motion for Summary Judgment as to any state law claims and any § 1983 claims for deliberate indifference against McFadden. In addition, any § 1983 claims brought against McFadden in his *official capacity* are also dismissed. However, the court **DENIES** McFadden's Motion for Summary Judgment as to Hawkins' § 1983 excessive force claim against McFadden in his *individual capacity*. That claim remains before the court.

**IT IS SO ORDERED.**

*J. Michelle Childs*

September 30, 2019                                             United States District Judge
Columbia, SC